**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**THOMAS B. GROSS,**

    **Plaintiff,**

    v.                        CASE NO. 25-3116-JWL

**HAZEL PETERSON, et. al,**

    **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Thomas B. Gross is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Winfield Correctional Facility in Winfield, Kansas, but the events giving rise to the Complaint occurred when he was housed at the Norton Correctional Facility in Norton, Kansas ("NCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 7.)

Plaintiff alleges that between April 2024 and January 2025, he was subjected to verbal harassment by NCF staff members on an almost daily basis. (Doc. 1, at 4, 6.) Most of the incidents focused on Plaintiff's last name; corrections officers would say things such as, "Eww! That's Gross!" or "That's gross – no, *that's* Gross!" while pointing at Plaintiff. *Id*. at 20. In addition, officers would make fun of Plaintiff's learning disabilities and poor eyesight. *Id*. at 4. Plaintiff mentions one incident where officers Burton, LePlatt, and Herredsberg saw Plaintiff holding body lotion. They then harassed Plaintiff, suggesting he was using the lotion for lewd purposes. *Id*. at

1

5. Plaintiff asserts that the comments were unwarranted, unprofessional, demoralizing, and intended to humiliate him. *Id*. He also states that he filed a PREA (Prison Rape Elimination Act) complaint about the incident.

Later, an Aramark employee working in the NCF kitchen questioned him about the lotion incident, saying, "Mr. Gross, tell me it's not true." *Id*. at 7. When Plaintiff responded that he did not know what she was talking about, she said, "The lotion – you got caught." *Id*. She continued to question him, closing with, "I'm going to find out what you did!" *Id*. at 8. Plaintiff alleges that he was humiliated in front of other inmates. *Id*.

Plaintiff asserts that he had chest pains, required additional visits with his therapist, and suffered mental anguish from the increased stress the verbal harassment caused him. *Id*. at 9.

Plaintiff names the following defendants: Hazel Peterson, Warden of NCF; Mona Coffey, Corrections Officer ("CO") at NCF; Gerald LePlatt, CO at NCF; Stephen Herredsberg, CO at NCF; Jeffrey Burton, Unit Team member at NCF; and Kandra Boteler, Aramark employee. For relief, Plaintiff seeks at least $100,000 and the demotion and retraining of all involved. *Id*.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Cruel and Unusual Punishment

Plaintiff alleges that he was ridiculed, belittled, taunted, and verbally harassed by staff at NCF and that this constituted cruel and unusual punishment. The conduct of which Plaintiff complains does not appear to reach the magnitude of a constitutional violation as required to state a claim under § 1983.

A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000); *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998). For the objective component, the plaintiff must allege facts to show that the harassment was objectively,

sufficiently serious, causing an "unnecessary and wanton infliction of pain." *Joseph*, 2000 WL 1532783, at *1–2 (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)).  As to the subjective component, the plaintiff must allege facts to show that the defendant acted with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Barney*, 143 F.3d at 1310 (quoting *Farmer*, 511 U.S. at 834); *see also Joseph*, 2000 WL 1532783, at *1–2.

Where a prisoner alleges a guard made inappropriate or suggestive comments but did not touch him, courts have generally found the harassment was not sufficiently serious to meet the objective component of an Eighth Amendment claim.  *See, e.g., Barney*, 143 F.3d at 1310 n.11 (noting that allegation of "severe verbal sexual harassment and intimidation" alone—in the absence of sexual "assault[ ]"—is insufficient to state an Eighth Amendment claim); *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citation omitted)); *Howard v. Everett,* 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) (sexual harassment consisting of comments and gestures, absent contact or touching, "does not constitute unnecessary and wanton infliction of pain").  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992); *see also McBride v. Deer*, 240 F.3d

1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

While the defendants' behavior may have been unprofessional, immature, and inappropriate, Plaintiff's claims regarding verbal harassment do not reach the magnitude of an Eighth Amendment violation. Plaintiff should show good cause why this claim should not be dismissed for failure to state a claim.

### 2. Violation of Policies, State Law, or PREA

Plaintiff mentions in attachments to the Complaint that he believes the defendants violated various policies and procedures of the KDOC, as well as state laws. (Doc. 1-1, at 6, 11.) As noted above, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that a state statute or state constitution was violated states no claim under § 1983.

To the extent Plaintiff alleges that the defendants violated Kansas regulations or prison policy, such allegations also fail to state a federal constitutional violation under § 1983. "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution." *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). The violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must

establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [they are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007) (unpublished).

Likewise, Plaintiff's assertion that the defendants violated the PREA does not state a constitutional claim. The PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Haffner v. Geary Cty. Sheriff's Dep't*, No. 18-3247-SAC, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (citations omitted) (collecting cases). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). Plaintiff cannot pursue a § 1983 claim based on the alleged failure to comply with the PREA.

### 3. Defendants Peterson and Coffey

Plaintiff names Warden Hazel Peterson and Mona Coffey as defendants. However, Plaintiff does not mention Defendant Peterson or Coffey in the body of his Complaint. Plaintiff has failed to allege how Peterson and Coffey personally participated in the alleged deprivation of

7

his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the

state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Defendants Peterson and Coffey are subject to dismissal from this matter.

### 4. Request for Relief

Plaintiff seeks compensatory damages and to have the defendants demoted and retrained. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Plaintiff has failed to allege a physical injury, and none of the conduct described by Plaintiff falls within the definition of "sexual act." *See* 18 U.S.C. § 2246(2). Therefore, he may not recover damages for the mental and emotional injuries he has suffered.

To the extent Plaintiff seeks to have staff demoted or terminated, the Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL

1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her.  The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

## IV. Response Required

Plaintiff is required to show good cause why his claims should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall have until **August 8, 2025**, in which to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**IT IS SO ORDERED**.

**Dated July 8, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
