IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS B. GROSS,

      Plaintiff,

      v.                                 CASE NO.  25-3116-JWL

HAZEL PETERSON, et. al,

      Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and was incarcerated at the Winfield Correctional Facility in Winfield, Kansas, at the time of filing. The events giving rise to his Complaint occurred at the Norton Correctional Facility in Norton, Kansas.  Plaintiff alleges that between April 2024 and January 2025, he was subjected to verbal harassment by NCF staff members on an almost daily basis.

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 8) directing Plaintiff to show cause by August 8, 2025, why this matter should not be dismissed due to the deficiencies set forth.  The MOSC mailed to Plaintiff was returned to the Court on July 18, 2025, marked "Return to Sender/No Longer in Custody."  (Doc. 9.)  Plaintiff filed notice of a change of address with the Court on July 24, 2025.  (Doc. 10.)  The Clerk remailed a copy of the MOSC to Plaintiff on the same date.  The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  Plaintiff has not filed a response as of the date of this Order.

The Court found in the MOSC that the Complaint has a number of problems.  First, the conduct of which Plaintiff complains does not appear to reach the magnitude of a constitutional

violation as required to state a claim under § 1983.  Courts have generally found that where a prisoner alleges a guard made inappropriate or suggestive comments but did not touch him, the harassment was not sufficiently serious to meet the objective component of an Eighth Amendment claim.  *See, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10 (10th Cir. 1998) (noting that allegation of "severe verbal sexual harassment and intimidation" alone—in the absence of sexual "assault[ ]"—is insufficient to state an Eighth Amendment claim); *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, . . .  the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citation omitted)); *Howard v. Everett,* 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) (sexual harassment consisting of comments and gestures, absent contact or touching, "does not constitute unnecessary and wanton infliction of pain").  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992); *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

The MOSC further found that Plaintiff's allegations that the defendants violated policies and procedures of the KODC, state laws, and the Prison Rape Elimination Act ("PREA") do not state a claim under § 1983.  *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) ("[A] violation of state law alone does not give rise to a federal cause of action under § 1983."); *Porro v. Barnes*,

624 F.3d 1322, 1329 (10th Cir. 2010) (violation of prison regulation does not state constitutional violation unless official's conduct failed to conform to the constitutional standard); and *Haffner v. Geary Cty. Sheriff's Dep't*, No. 18-3247-SAC, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (collecting cases finding PREA does not create a private right of action enforceable under § 1983).

The MOSC also found that two defendants, Warden Peterson and Defendant Coffey, were subject to dismissal because Plaintiff fails to allege how they personally participated in the alleged constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.")

Last, the MOSC found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because he does not allege a physical injury or a "sexual act" within the statutory definition. *See* 18 U.S.C. § 2246(2). Furthermore, Plaintiff's request to have staff demoted or terminated is not within the Court's authority to grant. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal

3

courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

The MOSC provided that Plaintiff had until August 8, 2025, to show good cause why his Complaint should not be dismissed, and "[f]ailure to respond by the deadline may result in dismissal of this action without further notice." (Doc. 8, at 10.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**Dated August 25, 2025, at Kansas City, Kansas.**


**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**